This was an action of debt in the Circuit court of Fauquier county, brought in 1839, by John Alexander against Richard H. Gaines, as administrator of Seth Gaines deceased, upon the bond of Seth Gaines for 135 dollars, bearing date the 16th of May 1823, and payable the 25th September following. The defendant filed the plea of payment and several pleas ofnon est factum.
Upon the trial of the cause the defendant took a bill of exceptions to an opinion of the Court, which is as follows:
Upon the trial of this cause the plaintiff's counsel, in his opening remarks, read in evidence to the jury, without objection, a paper in these words:
Whereas Seth Gaines, of Stafford county, became indebted to John Alexander, of Frederick, by bond, for *Page 258 
the sum of one hundred and thirty-five dollars, bearing date the 16th May 1823, and due the 25th September of the same year; and whereas the said Alexander hath agreed to take a certain mare which said Seth purchased of said Alexander, and the said Alexander agrees to sell said mare for the best price that he can, and credit the above named bond by the proceeds of such sale. And by mutual agreement between the said Alexander and Richard H. Games, the surviving executor of William Gaines, of Stafford, the said Richard Gaines agrees to give Mr. J. Alexander notice (before he relinquishes his claim on the property as executor, of said Seth's proportion of his father's estate,) to make the balance of the bond that may be unpaid, and that the said Richard H. Gaines will not put in any plea to prevent the said Alexander from making the balance on said bond, after the estate of his father is settled up and debts paid. In witness whereof, we have — set our hands and seals, this 25th day of December 1823.
John Alexander, Seal.
Richard H. Gaines, Seal.
Teste, James Wigginton, Samuel Botts.
And the defendant's counsel, in his opening statement to the jury, also read the said paper and commented upon it; whereupon one of the plaintiff's counsel remarked audibly, that he (the defendant's counsel) had made the said paper evidence by reading it to the jury and commenting upon it. The counsel for the defendant then remarked, that the said paper was not evidence. The plaintiff then examined the subscribing witness to the bond in the declaration mentioned, who proved the execution thereof by the obligor, the intestate of the defendant. The plaintiff's counsel proceeded to read the paper before mentioned, *Page 259 
and the defendant's counsel then moved the Court to exclude it, upon the ground that it was not competent evidence upon the issues joined in this cause; but the Court being of opinion that it was evidence upon the issue of non estfactum, in corroboration of the testimony of the subscribing witness, refused to exclude it. It was admitted that the paper first mentioned was executed in the lifetime of Seth Gaines, but the Court instructed the jury, that the said paper was not to be regarded as evidence on any question in the cause but the sealing and delivery, by the intestate of the defendant, of the bond, the execution of which had been previously proved by the subscribing witness. It was admitted that the paper was executed by the defendant. There was a verdict and judgment for the plaintiff for 122 dollars 16 cents, with interest thereon from the 25th September 1823 until paid, and his costs. And thereupon the administrator Gaines applied to this Court for a supersedeas, which was awarded.
It appears from the bill of exceptions, that the counsel for the defendant in error, in opening his case, read to the jury, without objection, and commented on, a certain paper which is set out in the said bill. This paper which purports to be executed by the plaintiff and defendant, recognizes as the bond of the intestate the instrument, the execution of which was the matter in issue. It also appears that the counsel of the plaintiff in error, in his opening statement likewise read and commented on the paper; whereupon it was remarked by the counsel of the defendant in error that the said paper was thereby made evidence in the cause. This claim was however denied by the counsel of the plaintiff in error, who insisted that the *Page 260 
said paper was not evidence. Subsequently the counsel of the defendant in error, having first introduced the subscribing witness to the bond in the declaration mentioned, who proved its execution by the obligor the intestate of the plaintiff in error, proceeded to read the paper first above mentioned. The counsel of the plaintiff in error then moved the Court to exclude said paper upon the ground that it was not competent evidence upon the issues joined in the cause; but the Judge of the Circuit court being of opinion that it was evidence on the issue of non est factum, in corroboration of the testimony of the subscribing witness, refused to exclude it. It was admitted that the said paper was executed by the plaintiff in error; but it was also further admitted that it was executed by him in the lifetime of his intestate.
It is, I think, quite clear from the bill of exceptions, that whilst the Judge of the Circuit court regarded the course of the counsel in regard to the paper as a part of the history of the proceedings in the cause proper to be certified, he did not intend to rest the correctness of his decision in any measure on that ground; but simply on the ground that the paper was, of itself, legal and competent evidence in corroboration of the testimony of the subscribing witness. For what purpose the counsel of the plaintiff in error referred to the paper does not appear; but it is seen that so soon as warned by the opposing counsel that it would be relied on as evidence in the cause, he promptly resisted the pretension. And even if, through inadvertence, the paper had been permitted to go to the jury without any show of opposition, it would, I apprehend, have been the. duty of the Court, on the motion of the plaintiff in error, to have instructed the jury to disregard it, if the Court was of opinion that it was not legal testimony. *Page 261 
The question of law involved in the refusal of the Court to exclude the paper, is I think, therefore fairly presented, unembarrassed by any considerations arising out of the conduct of the counsel of the plaintiff in error in regard to it previous to his motion to the Court to exclude it.
In Phillips on Evidence, vol. 1st, page 90, it is announced in general terms, that admissions are evidence in favour of the other side, whether made by the real party on the record, or by a nominal party who sues as a trustee for the benefit of another, or whether made by the party who is really interested in the suit, though not named on the record. The universality of expression used by the Judges in delivering their opinions, in the cases referred to as authority for the rule, might seem at first view to sanction such a doctrine. If we look however to the reasons upon which the rule is founded, it becomes very obvious that as so announced it must be subject to very important qualifications. In the case of the King v. TheInhabitants of Hardwick, 11 East. R. 578. Lord Ellenborough sets forth as the foundation of the rule, "the reasonable presumption that no person will make any declaration against his interest unless it be founded in truth." This rule of evidence was one of the matters of consideration in the case of Burton v. Scott, 3 Rand. 399. The case was one of probat, and the question turned upon the capacity of the testator. The wife of the testator was one of the legatees and interested in establishing his will, and it was sought by those who contested its validity, to rely on her declarations, as to the incapacity of her husband to make a will, made by her in his lifetime and before the date of the will. It was decided by this Court that the reason of the rule did not reach the case of such declarations; and that the rule did not extend to admissions and declarations made by *Page 262 
parties before their interest in the subject matter of controversy arose.
The reasons for denying the extension of the rule to the admissions and declarations of representatives, made before they are clothed with their representative rights and duties, would seem to be equally obvious: And all the cases which I have been able to find deny the competency of such evidence. Thus in Webb v. Smith, 21 Eng. C. L. R. 392, the declarations of a prochein amie made before the institution of the suit, were decided to be not admissible for the defendant. And in Fenwick andothers v. Thornton, 22 Eng. C. L. R. 246, which was the case of a suit by the assignees of a bankrupt, it was decided that the defendant could not rely on the admissions of one of the plaintiffs made before he was appointed assignee. The precise question before us arose in the case of Plant v. M'Ewen, 4 Conn. R. 544, and under circumstances very similar to those in which it is presented here.
That was a suit against William M'Ewen as the executor of his father. The plaintiffs in their declaration alleged that the testator had in his lifetime, for a valuable consideration, assigned to the plaintiffs, and warranted as due and owing, a note on one William Walker; whereas the defendant, before the said assignment, acting for and as the agent of his father, had received of Walker a note on one Hawley, payable to said Walker under an agreement, as agent of his father, to endorse said last mentioned note as a credit on the first: — that there had been a failure to comply with the agreement, in consequence of which the estate of the father in the hands of the defendant as executor had become liable to the plaintiffs for the amount of the note from Hawley to Walker. On the trial the Judge admitted evidence proving that the defendant did receive the note against Hawley, and that he agreed to *Page 263 
endorse it on the note of his father against Walker. No other evidence was offered to shew that the defendant was in the transaction the authorized agent of his father. In the Supreme court the effort was made by counsel to vindicate the correctness of the decision of the Judge on two grounds. 1st. That the act of the defendant in receiving the note against Hawley, and and his agreement to credit it on the note against Walker, were admissible as the acts and declarations of a party to the record. And 2d. That his conduct in the matter was competent evidence as tending to shew that he was acting in the transaction as the agent of his father. But the Court decided that on neither ground could the legality of the evidence be sustained. The Judge delivering the opinion of the Court said, that whilst it was true as a general rule, that the declarations of a party to the record were evidence against him, there was no principle which would authorize the proof of an act or contract of the defendant, antecedent to his acceptance of the trust of executor, to affect the estate committed to his care: And that the naked act and engagement of the defendant, without the exhibition or actual pretence of any authority, implied no proof of agency; nor did they constitute premises from which any such inference could be deduced. To apply these remarks, with slight modification, as I think we may properly do, to the case before us, is to decide its fate. The certificate of the Judge negatives the existence of any proof in the cause, except what is to be inferred from the paper heretofore mentioned, tending to shew that the plaintiff in error was the agent of his intestate Seth Gaines: And the paper on its face shews no claim or assertion on the part of the plaintiff in error that he was acting in the matter under any authority derived from the said Seth. *Page 264 
I am therefore of opinion, that the Circuit court erred in refusing to exclude the paper last mentioned; and that the judgment ought to be reversed.
The other Judges concurred in Judge Daniel's opinion.
JUDGMENT REVERSED.